UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 26-375-MWF (SP) | Date: February 5, 2026 |

Title: Magomed Aleroev v. Ernesto Santacruz, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Petitioner:<br>None Present | Attorneys Present for Respondents:<br>None Present |

**Proceedings (In Chambers):** ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]

Before the Court is Petitioner's Ex Parte Application for Temporary Restraining Order (the "Application") filed by Petitioner Magomed Aleroev on January 28, 2026. (Docket No. 3). The Government filed a Response on February 2, 2026. (Docket No. 7). Petitioner filed a Reply on February 3, 2026. (Docket No. 8).

The Application is **GRANTED**. Petitioner has demonstrated a likelihood of success on his due process claim.

## I.   BACKGROUND

Petitioner Magomed Aleroev filed a Petition for Writ of Habeas Corpus on January 28, 2026. (Docket No. 1). Petitioner is a 39-year-old citizen of Russia, who entered the United States with his wife on or around March 2022. (Petition ¶ 34). He was initially detained by ICE, but then released after ICE determined both Petitioner and his wife were neither a flight risk nor a danger to the community, subject to ICE check-ins. (*Id.*). After being released, Petitioner was provided with a Notice to Appear and applied for asylum. (*Id.*). Petitioner duly appeared for his check-ins. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-375-MWF (SP)                              Date:  February 5, 2026
Title:  Magomed Aleroev v. Ernesto Santacruz, et al.

Petitioner was instructed to next appear for an ICE check-in on November 13, 2025.  (*Id.*).  On November 5, 2025, however, Petitioner was detained at his home by ICE agents.  (*Id.* ¶ 35).  His wife was not detained.  (*Id.*).

While in removal proceedings in ICE custody, Petitioner applied for asylum and was granted asylum on January 13, 2026.  (*Id.* ¶ 36).  DHS has now appealed that decision, and Respondents are unwilling to release him pending his appeal.  (*Id.*).

Petitioner owns his own business.  (*Id.* ¶ 37).  He has no criminal arrests or convictions that he is aware of.  (*Id.*).  Moreover, Petitioner has a wife and a two-year-old son, Lors Aleroev, who was born a United States citizen.  (*Id.* ¶ 38).  Lors has significant health issues, resulting in multiple seizures daily, and requires medication administered by his parents.  (*Id.*).  He also requires a therapeutic diet and depends on his parents to be fed.  (*Id.*).  He is also significantly disabled in speech, hearing, vision, and mobility.  (*Id.*).  All of this requires around-the-clock care from Petitioner and his wife, which his wife is unable to manage alone.  (*Id.*).

## II.     LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 26-375-MWF (SP) | Date:  February 5, 2026 |
| Title:  Magomed Aleroev v. Ernesto Santacruz, et al. | |

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III.  DISCUSSION

As an initial matter, Respondents submitted a Response to the TRO consisting of two paragraphs that (1) concede that Petitioner is a member of the Bond Eligible Class as defined in the Final Judgment in the action *Maldonado Bautista et al. v. Ernesto Santacruz Jr et al.,* EDCV 25-1873-SSS-BFM, at Docket No. 94; and (2) pursuant to that Final Judgment, Petitioner is entitled to a bond hearing before an Immigration Judge.  (*See generally* Response).

Respondents did not, however, address the merits of the Application as far as the Fifth Amendment due process or the APA claims raised by Petitioner.  Respondents only contend that "at most" Petitioner is entitled to a bond hearing, rather than release.  (*Id.* at 2).  Accordingly, the Court proceeds to the merits of Petitioner's Application without the benefit of substantive argument by Respondents.

### A.  Likelihood of Success on the Merits

Petitioner first asserts that he is likely to succeed on the merits of both his due process and APA claims.  Because he has demonstrated a likelihood of success on the due process claim, the Court does not reach the APA analysis.

#### 1.  Protected Liberty Interest

While the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment nonetheless "entitles [noncitizens] to due process

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 26-375-MWF (SP) | Date:  February 5, 2026 |
| Title:  Magomed Aleroev v. Ernesto Santacruz, et al. | |

of law in deportation proceedings." *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1205-06 (9th Cir. 2022) (quoting *Hussain v. Rosen,* 985 F.3d 634, 642 (9th Cir. 2021)).  And recent district court cases in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See, e.g., Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz,* --- F. Supp. 3d ----, 2025 WL 3481771, *2-3 (C.D. Cal. Dec. 2, 2025).

This Court agrees with the rationale from these recent cases.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).  While the Government retains discretion under the INA to make the "initial decision to detain or release an individual[,] … the [G]overnment's decision to release an individual from custody creates an 'implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the … conditions [of release].'" *See Pinchi,* 792 F. Supp. 3d at 1032 (citing *Morrissey v. Brewer,* 408 U.S. 471, 482 (1972)).  This rationale is entirely on point here, where Petitioner was released on his own recognizance after ICE found that he was not a flight risk nor a danger to the community.  Petitioner attended his check-in, applied for asylum (which has since been granted), and was not arrested or convicted of a crime.  And Respondents present no competing facts suggesting that Petitioner has failed to live up to the conditions of his initial release.

Petitioner thus has a protected liberty interest in remaining out of custody following his release.  Moreover, the Ninth Circuit has held that the *Mathews* test is the appropriate inquiry into an alleged violation of procedural due process as applied to detained noncitizens. *See Rodriguez Diaz,* 53 F.4th at 1206 ("Ultimately, *Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context.").  The Court will thus examine Petitioner's arguments under this inquiry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 26-375-MWF (SP)            Date: February 5, 2026
Title: Magomed Aleroev v. Ernesto Santacruz, et al.

### 2. *Mathews* Test

Under the test from *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), the Court must weigh three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

***First***, the Court agrees that the private interest at stake is significant. (Application at 9-10). Petitioner has a family and business in this country. Petitioner's young son, moreover, has substantial disabilities that require intensive care by both parents. Courts considering this factor have held similar facts to be indicative of a substantial private interest. *See Meneses,* 2025 WL 3481771, at *3 (collecting cases).

***Second***, under the *Mathews* test, the Court considers the risk of erroneous deprivation of liberty without a pre-detention hearing. "Civil immigration detention is permissible only to prevent flight or protect against danger to the community." *See Pinchi,* 792 F. Supp. 3d at 1035. Petitioner's release after his initial arrival was premised on Respondents' determination that he was not a flight risk or a danger to the community, because ICE is not permitted to release detainees without first making such a determination. *See Pinchi,* 792 F. Supp. 3d at 1034 ("As ICE was not authorized to release Ms. Garro Pinchi if she was a danger to the community or a flight risk, the Court must infer from Ms. Garro Pinchi's release that ICE determined she was neither."). Moreover, the probable value of such a hearing would have been high given that Petitioner has two extremely compelling incentives to remain in this jurisdiction: his two-year-old disabled son and his pending asylum application at the time he was initially detained. His interest in remaining in this jurisdiction is only heightened by the granting of his asylum application in January. Additionally, Petitioner has no criminal record that this Court is aware of. It would therefore be shocking if, absent additional factual development before an Immigration Judge, Petitioner was deemed a flight risk or a danger to the community. The risk of erroneous detention is thus high.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-375-MWF (SP)                          Date:  February 5, 2026
Title:  Magomed Aleroev v. Ernesto Santacruz, et al.

*Third*, courts have routinely recognized that the Government's interest in detaining individuals like Petitioner without a hearing is "low." *See Fernandez,* CV 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025); *Meneses,* 2025 WL 3481771, at *4. This is particularly so where the Government has not shown — or, as here, attempted to substantively argue — that "Petitioner's detention serves either to prevent flight or a danger to the community." *See Padilla v. Bowen,* 2025 WL 3251368, at *7 (citing *Hernandez v. Sessions,* 872 F.3d 976, 994 (9th Cir. 2017)). Nor are "the costs of providing such protections … fiscally or administratively onerous." *Pinchi,* 792 F. Supp. 3d at 1036.

In sum, Petitioner has demonstrated a likelihood of success on his procedural due process claim.

**B.   Irreparable Harm**

Irreparable harm is easily established here. Deprivation of due process rights constitutes irreparable injury. *See Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"). "Where the 'alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.'" *See Marzan Mody v. Warden, et al.,* EDCV 25-3400 FMO (RAO), 2026 WL 51976, at *7 (C.D. Cal. Jan. 5, 2026) (quoting *Warsoldier v. Woodford,* 418 F.3d 989, 1001-02 (9th Cir. 2005)).

**C.   Balance of Equities, Public Interest**

The balance of equities and public interest merge in cases against the Government. *See Nken v. Holder,* 556 U.S. 418, 435 (2009). Respondents do not assert any public interest in their Response. (*See generally* Response). But this Court joins the numerous others in this Circuit that have held that the potential Government interest in cases such as these does not outweigh the violation of Petitioner's due process rights. *See Ortega v. Noem,* CV 25-1663-DJC-CKD, 2025 WL 3511914, at *4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-375-MWF (SP)                              Date:  February 5, 2026
Title:  Magomed Aleroev v. Ernesto Santacruz, et al.

(E.D. Cal. Dec. 8, 2025); *Pinchi,* 792 F. Supp. 3d at 1037; *Meneses,* 2025 WL 3481771, at *5; *Padilla,* 2025 WL 3251368, at *9; *Mody,* 2026 WL 51976, at *7; *Fernandez Lopez,* 2025 WL 2959319, at *7.

Accordingly, under *Mathews*, Petitioner has shown a likelihood of success on the merits of his Fifth Amendment claim that he should have been afforded a pre-detention hearing prior to his re-detention by ICE in November 2025.  Because preliminary relief should restore the status quo, "the last uncontested status which preceded the pending controversy," relief is warranted to restore Petitioner to the moment before he was detained without such a hearing.  *See GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1210 (9th Cir. 2000).  As explained by the court in *Martinez Cruz v. Lyons*, EDCV 2879-MCS-MBK, 2025 WL 4051129, at *5 (C.D. Cal. Nov. 6, 2025), "[d]elaying Petitioner's release awaiting a hearing that [he] should have received before [he] was detained [in November] would be unjust."  Citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 879 (9th Cir. 2009), the *Martinez Cruz* court held that a scenario like the one presented here was "an exceptional case that demands a mandatory injunction requiring Petitioner's forthwith release."  2025 WL 4051129, at *5.  Therefore, contrary to Respondents' Response, Petitioner is entitled to immediate release rather than merely a bond hearing before an Immigration Judge.  (*See* Response at 2).

Finally, Petitioner requests that the TRO issue without a bond, which Respondents, again, do not address.  (*See* Application at 53 (Proposed Order)).  The Court thus declines to require a bond.  *See Jorgensen v. Cassiday,* 230 F.3d 906, 919 (9th Cir. 2003) ("Rule 65(c) invests the district court 'with discretion as to the amount of security required, *if any*.'").

## IV.    CONCLUSION

All four *Winter* factors weigh in favor of a TRO, and Petitioner's Application is **GRANTED**.  The Court **ORDERS** as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 26-375-MWF (SP)            **Date:**  February 5, 2026
**Title:**  Magomed Aleroev v. Ernesto Santacruz, et al.

- Respondents shall effectuate Petitioner's immediate release from custody; and

- Respondents shall **SHOW CAUSE**, in writing, by **February 13, 2026,** as to why the Court should not convert the TRO into a Preliminary Injunction that prevents Petitioner's re-detention throughout the duration of the action.  Petitioner may file a response by **February 20, 2026**.  The Court will set a hearing on the preliminary injunction if deemed necessary.

A separate TRO shall issue.

IT IS SO ORDERED.