UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 26-375-MWF (SP)  **Date:** February 19, 2026

**Title:** Magomed Aleroev v. Ernesto Santacruz, et al.

---

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING PRELIMINARY INJUNCTION

Before the Court are responses to the Court's Order to Show Cause as to why a Preliminary Injunction should not issue in this action to prevent Petitioner from being re-detained during the pendency of this action. (*See* Docket No. 11). Respondents filed a Response on February 13, 2026. (Docket No. 12). Petitioner filed a Reply on February 18, 2026. (Docket No. 13).

The Court read and considered the responses and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The Court hereby **GRANTS** a Preliminary Injunction preventing re-detention of Petitioner under the terms set forth below.

## I.   BACKGROUND

The parties are familiar with the factual background of this action, which is set forth in the Court's Order Granting Petitioner's Ex Parte Application for Temporary Restraining Order (the "Prior Order"). (Docket No. 10). The Court therefore incorporates the background section of the Prior Order.

On February 5, 2026, the Court granted the Petitioner's Application for Temporary Restraining Order and issued an Order to Show Cause to Respondents as to why the TRO should not be converted into a Preliminary Injunction barring Petitioner from being re-detained during the pendency of this action. (*See* Docket Nos. 10, 11).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-375-MWF (SP)                        Date:  February 19, 2026
Title:  Magomed Aleroev v. Ernesto Santacruz, et al.

On February 6, 2026, Petitioner was released from custody pursuant to the Supervision Appearance Program.  (*See* Response at 2).  These responses to the OSC followed.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III.   DISCUSSION

The Court incorporates the reasoning of the Prior Order regarding the *Winter* factors and finds that Petitioner is likely to succeed on the merits of his Fifth Amendment claim.  Respondents present no further argument to the contrary.

Rather, Respondents primarily argue that the Petition is now moot given Petitioner's release, quoting from *Trujillo v. Janecka,* EDCV 25-03002-FMO-SSC, 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026).  But as Petitioner responds, *Trujillo* is clearly distinguishable as it was considering a claim that Petitioner was subject to unlawfully prolonged detention awaiting removal.  (*See* Reply at 3); *see Trujillo,* 2026

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 26-375-MWF (SP)           **Date:** February 19, 2026

**Title:** Magomed Aleroev v. Ernesto Santacruz, et al.

WL 84314, at *1 (noting that Petitioner was released as a result of the court's TRO pursuant to 8 U.S.C. § 1232(a)(3), which provides for conditions of release pending removal). The case law cited by the *Trujillo* court similarly supports mootness in the context of release or deportation after prolonged detention with an order of removal. *See Mejia v. Semaia*, EDCV 25-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025); *Abdala v. I.N.S.,* 488 F.3d 1061, 1064-65 (9th Cir. 2007). There is no similar "curing" of Petitioner's claims here due to the sole fact that Petitioner was released, as there is in the context of prolonged detention awaiting removal. *See Abdala,* 488 F.3d at 1065 (constitutional prolonged detention claim "cur[ed]" by deportation from the United States).

     The other two cases cited by Respondents fare no better. In *J.P. v. Santacruz*, SACV 25-01640-FWS-JC, 2025 WL 2998305, at *4 (C.D. Cal. Oct. 24, 2025)*,* the petitioner was never in custody. Indeed, the court observed that "[c]ritically, the event giving rise to Petitioner's fears has now passed and Petitioner has not been detained or arrested[,]" and therefore concluded the petitioner had not put forward allegations supporting the threat of future detention constituting an injury for standing purposes. *Id*. Here, Petitioner has already alleged he has been detained once without adequate due process, and thus has put forward allegations supporting "a high risk that the government would erroneously deprive—and already has erroneously deprived—[Petitioner's] liberty interest absent a 'pre-detention hearing in front of a neutral arbiter.'" *See N.Y.V.D. v. Santracruz,* EDCV 25-03404-WLH-SP, 2025 WL 3786964, at *6 (C.D. Cal. Dec. 23, 2025).

     In the second case relied upon by Respondents, *Coc Tut, et al. v. Noem, et al.,* EDCV 25-02701-DOC-AGR, Docket No. 13 (C.D. Cal. Oct. 30, 2025), the court dismissed the petitioners' arguments regarding re-detention. But as argued by Petitioner, the facts underlying the petition in *Coc Tut* did not encompass a scenario like here, where Petitioner Aleroev was released following his initial detention by immigration authorities, and then re-detained without notice or a hearing. (*See* Reply at 3). Rather, the petitioners in *Coc Tut* filed the habeas petition to seek release from their initial detention. *See id.* at Docket No. 1 (Oct. 14, 2025). Accordingly, Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 26-375-MWF (SP)                    **Date:**  February 19, 2026
**Title:**  Magomed Aleroev v. Ernesto Santacruz, et al.

here likely has a liberty interest in remaining free from detention without adequate due process, unlike the *Coc Tut* petitioners.  (*See* Prior Order 3-5).

By contrast, this Court and others have rejected mootness arguments following release when presented with the same Fifth Amendment claims here, as Petitioner argues.  *See, e.g., Baltazar v. Noem, et al.,* EDCV 26-00015-MWF-MBK, Docket No. 19 at 3-4 (C.D. Cal. Jan. 30, 2025); *Cruz v. Lyons,* EDCV 25-02879-MCS-MBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); *Esmail v. Noem*, CV 25-8325-WLH-RAO, 2025 WL 3030589, at *3, n.5 (C.D. Cal. Sept. 26, 2025).  Given the reasoning in these cases and the inapplicability of Respondents' case law, Petitioner's relief is not mooted by his release.

Beyond the mootness argument, Respondents have not submitted any further argument opposing injunctive relief as to future re-detention.  The Court therefore **ORDERS** as follows:

Respondents are **ENJOINED** from re-detaining Petitioner unless he is first provided with a hearing before a neutral arbiter in which Respondents bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.

The parties do not address whether a bond should issue.  The Court therefore declines to require a bond because the cost to the Government of complying with the injunction is not high.  *See Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003) (a bond not required and noting that Rule 65(c) gives discretion to the district court as to the amount of security required, *if any*).

A separate Preliminary Injunction shall issue.

Finally, as the parties are aware, this case has been referred to Magistrate Judge Sheri Pym, who has ordered a briefing schedule.  (Docket Nos. 4, 9).  Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 26-375-MWF (SP)                **Date:** February 19, 2026

Title: Magomed Aleroev v. Ernesto Santacruz, et al.

**REFERRED** to Magistrate Judge Pym for decision. All pending deadlines set by Magistrate Judge Pym remain in effect.

IT IS SO ORDERED.